B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT
Northern District of Florida

In re David Kevin Busbee ,
    Debtor

Case No. 14-30383-KKS
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Tyndall Federal Credit Union

2. Amount of the debt subject to this reaffirmation agreement:
$ 7,045.31  on the date of bankruptcy     $ 6,537.92  to be paid under reaffirmation agreement

3. Annual percentage rate of interest:    5.49  % prior to bankruptcy
5.49  % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 283.28  per month for 25  months

5. Collateral, if any, securing the debt: Current market value: $ 17,550.00
Description: 2007 Toyota Tacoma

6. Does the creditor assert that the debt is nondischargeable?  ___ Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

<u>Debtor's Schedule I and J Entries</u>    <u>Debtor's Income and Expenses as Stated on Reaffirmation Agreement</u>

7A. Total monthly income from $ 2,365.00      7B. Monthly income from all $ 2,365.00
    Schedule I, line 16                           sources after payroll deductions

8A. Total monthly expenses $ 2,759.00      8B. Monthly expenses $ 2,065.00
    from Schedule J, line 18

9A. Total monthly payments on $ 0      9B. Total monthly payments on $ 283.28
    reaffirmed debts not listed on                   reaffirmed debts not included in
    Schedule J                                           monthly expenses

                                                   10B. Net monthly income $ 16.72
                                                   (Subtract sum of lines 8B and 9B from
                                                    line 7B. If total is less than zero, put the
                                                    number in brackets.)

B27 (Official Form 27) (12/09)

Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):


12. Explain with specificity any difference between the expense amounts (8A and 8B): The Debtor will cut back hard on discretionary expenses as he wants to keep this vehicle and knows by reaffirming he is reobligating to this debt.

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____
Signature of Debtor (only required if line 11 or 12 is completed)

_____
Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed)

Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:


Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
__✓__Yes        _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
__✓__Yes        _____No


FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Harold F. Peek, Jr., Esq.
Print/Type Name & Signer's Relation to Case
Attorney for Debtor
David Kevin Busbee

B240A (Form B240A) (04/10)

> Check one.
> ☐ **Presumption of Undue Hardship**
> ☑ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## Northern District of Florida

In re David Kevin Busbee                    ,          Case No. 14-30383-KKS
        *Debtor*

                                                Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** Tyndall Federal Credit Union

☑ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Auto Loan 43
                                                        *For example, auto loan*

B. ***AMOUNT REAFFIRMED***:    $            6,537.92

> The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).
>
> *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The ***ANNUAL PERCENTAGE RATE*** applicable to the Amount Reaffirmed is ___5.4900___%.

> *See definition of "Annual Percentage Rate" in Part V, Section C below.*
>
> This is a *(check one)* ☑ Fixed rate      ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

    [✓]  $ __283.28__ per month for __25__ months starting on __07/05/2014__.

    [ ]  Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

E. Describe the collateral, if any, securing the debt:

    Description: 2007 Toyota Tacoma
    Current Market Value $ 17,550.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

    [✓] Yes. What was the purchase price for the collateral?  $ 6,537.92

    [ ] No. What was the amount of the original loan?  $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 7,045.31 | $ 6,537.92 |
| Annual Percentage Rate | 5.4900 % | 5.4900 % |
| Monthly Payment | $ 283.28 | $ 283.28 |

H. [ ] Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

    Check one. [✓] Yes  [ ] No

B. Is the creditor a credit union?

    Check one. [✓] Yes  [ ] No

B240A, Reaffirmation Documents                                                                                                              Page 3

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                                    $_____

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                                $_____

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $_____

   d. Amount of monthly payment required for this reaffirmed debt           $_____



   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   [✓] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   [✓] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

B240A, Reaffirmation Documents                                                                                                          Page 4

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date  7/8/2014         Signature _____
                                          Debtor

Date _____    Signature _____
                                          Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  Tyndall Federal Credit Union          PO Box 59760 Panama City FL 32412
                Print Name                                    Address

          Marlene T Calla                       Marlene Calla        05/22/2014
          Print Name of Representative          Signature              Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

[✓] I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date June 26, 2014    Signature of Debtor's Attorney _____

                      Print Name of Debtor's Attorney  Harold F. Peek, Jr.

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1.   **What are your obligations if you reaffirm a debt?**  A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.   **Are you required to enter into a reaffirmation agreement by any law?**  No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.   **What if your creditor has a security interest or lien?**  Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.   **How soon do you need to enter into and file a reaffirmation agreement?**  If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5.   **Can you cancel the agreement?**  You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

    i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

C. **DEFINITIONS**

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

## Mail Lien Satisfaction to: Dept of Highway Safety Motor Vehicles, Neil Kirkman Building, Tallahassee 32399-14    B09873

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
|  | 2007 | TOYT | PK | 3735 |  | 102346 |

Date of Issue 10/04/2007

Registered Owner:
DAVID KEVIN BUSBEE   OR
CYNTHIA ANN BUSBEE
7365 CO HWY 183 S
PONCE DE LEON FL 32455

**Lien Release**
Interest in the described vehicle is hereby released
By_____
Title_____
Date_____

### IMPORTANT INFORMATION
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel:
http://www.hsmv.state.fl.us/html/titlinf.html

Mail To:
09/14/2007
TYNDALL FEDERAL CREDIT UNION
PO BOX 59760
PANAMA CITY   FL 32412-0760

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
|  | 2007 | TOYT | PK | 3735 |  |  |

| Prev. State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev. Issue Date |
|---|---|---|---|---|---|---|
| N | RED |  |  |  | PRIVATE |  |

| Odometer Status or Vessel Manufacturer or Builder | Hull Material | Prop. | Date of Issue |
|---|---|---|---|
| 15 MILES   09/14/2007 ACTUAL |  |  | 10/04/2007 |

**Lien Release**
Interest in the described vehicle is hereby released
By_____
Title_____
Date_____

Registered Owner
BUSBEE
PONCE DE LEON FL 32455

1st Lienholder
09/14/2007
TYNDALL FEDERAL CREDIT UNION
PO BOX 59760
PANAMA CITY   FL 32412-0760

DIVISION OF MOTOR VEHICLES    TALLAHASSEE    FLORIDA    DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Carl A. Ford, Director

Control Number 86390525

Electra Theodorides-Bustle, Executive Director

### TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing false statement may result in fines or imprisonment. This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: _____    Address: _____
Seller Must Enter Selling Price: _____    Seller Must Enter Date Sold: _____

I/We state that this [ ] 5 or [ ] 6 digit odometer now reads |_|_|_|_|_|_| [X] (no tenths) miles, date read _____ and I hereby certify that to the best of my knowledge the odometer reading
[ ] 1. reflects ACTUAL MILEAGE.   [ ] 2. is IN EXCESS OF ITS MECHANICAL LIMITS.   [ ] 3. is NOT THE ACTUAL MILEAGE.
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: _____    CO-SELLER Must Sign Here: _____
Print Here: _____    Print Here: _____

Selling Dealer's License Number: _____    Tax No.: _____    Tax Collected: _____
Auction Name: _____    License Number: _____

PURCHASER Must Sign Here: _____    CO-PURCHASER Must Sign Here: _____
Print Here: _____    Print Here: _____

NOTICE: $10.00 PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

HSMV 82250 (REV 7/06)    STATE OF FLORIDA

*[VOID stamped across certificate]*


**Tyndall FEDERAL CREDIT UNION**
PO Box 59760, Panama City, Florida 32412-0760


LOANLINER®

MEMBER NUMBER

**Open-End Disbursement Receipt *Plus***

## BORROWER INFORMATION

| BORROWER 1 NAME | ACCOUNT NUMBER | DATE |
|---|---|---|
| david k. busbee | | 6/21/2011 |

| BORROWER 2 NAME |
|---|
| CYNTHIA A. BUSBEE |

## SECURITY OFFERED  □ CONSUMERS' CLAIMS AND DEFENSES -- IF CHECKED, SEE NOTICE BELOW

THE ADVANCE IS SECURED BY YOUR SHARES, ALL PROPERTY SECURING OTHER PLAN ADVANCES AND LOANS RECEIVED IN THE PAST OR IN THE FUTURE, AND THE FOLLOWING PROPERTY:

| PROPERTY/MODEL | YEAR | I.D. NUMBER | VALUE | KEY NUMBER |
|---|---|---|---|---|
| TOYOTA Tacoma Double Cab-V6 | 2007 | | $ | |
| | | | $ | |
| | | | $ | |
| | | | $ | |

| PLEDGE OF SHARES AND/OR DEPOSITS | ACCOUNT NUMBER | PLEDGE OF SHARES AND/OR DEPOSITS | ACCOUNT NUMBER |
|---|---|---|---|
| | | | |

## REPAYMENT TERMS

| DAILY PERIODIC RATE | ANNUAL PERCENTAGE RATE | MARGIN | OTHER FEES (Amount and Description) | PREVIOUS BALANCE |
|---|---|---|---|---|
| 0.015041 | 5.49% | % | $0.00 | $ |

| NEW BALANCE THIS SUBACCOUNT | AMOUNT ADVANCED | PAYMENT AMOUNT | DATE DUE | PAYMENT FREQUENCY | LINE OF CREDIT LIMIT | REMAINING LIMIT |
|---|---|---|---|---|---|---|
| $14,799.37 | $14,799.37 | $283.28 | 8/5/2011 | Monthly | $ | $ |

Balloon Date: 7/5/2016

By endorsing the proceeds check for the advance described above, or by having the proceeds deposited into your share/share draft account or paid to a third party, you agree: (1) that the property described in the Security Offered section above ("Property") is security under the terms of the LOANLINER Credit and Security Agreement (the "Plan") for all amounts you owe under the Plan and that the property description is incorporated into and a part of the Plan; (2) that the Property is also security for any other loans, including but not limited to, any credit card account that you have with the credit union now or in the future; and (3) to make payments as disclosed above and in accordance with the terms of the Plan.

## CONSUMERS CLAIMS AND DEFENSES NOTICE

*The following paragraph applies to the Advance only if the box is checked.*

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

## FOR CREDIT UNION USE ONLY

| REQUESTED: | MEMBER PAYS FOR: | CHECK NUMBER: | BRANCH NUMBER: 75 |
|---|---|---|---|
| | | PLAN/SUBACCOUNT NO. | PROCESSED BY: |

| DATE | LOAN OFFICER COMMENTS: | | LOAN OFFICER INITIALS |
|---|---|---|---|
| 6/21/2011 | | | |

© CUNA MUTUAL GROUP, 1998, 99, 2001, 06, 10 ALL RIGHTS RESERVED      CREDIT UNION COPY      VXX088-e

CUI Spectrum - Version 3.2

```
HIST    1925229-43L   BUSBEE/DAVID K                    05/22/14 03:25 PM  BR:0075

 ID   Post    Eff    Tran Ty     S/PR
      Date    Date   Code pe    Amount  Interest    Fee    Balance   Vouch    Seq    C
                                                                     Number   Numb   O
JMK 050614 050614 WMRX KR       258.42    26.58    .00     6537.92            53912
31C 050114        LOCH             .00      .00    .00     6796.34       0     9342
MTC 042414        LOX2             .00      .00    .00     6796.34       0    44482
MTC 042414        LOX3             .00      .00    .00     6796.34       0    44475
MTC 042414        FLAG             .00      .00    .00     6796.34       0    44468
DRB 041014 041014 LPMT KR       248.97    36.03    .00     6796.34            62733
LCB 030714 030714 WMRX KR       249.89    35.11    .00     7045.31            68517
LXH 020314 020314 LPMT KR       255.47    29.53    .00     7295.20         3  67723
LXH 010814 010814 LPMT KR       241.63    43.37    .00     7550.67            54414
CXS 120213 120213 LPMT KR       251.82    31.46    .00     7792.30            60291
LXH 110613 110613 LPMT KR       250.07    34.93    .00     8044.12            40491
DRB 100913 100913 WMRX KR       232.42    52.58    .00     8294.19         5  53822
KND 082913 082913 LPMT KR       263.85    21.15    .00     8526.61       0    44757
      *More In File - Continue?*
                              TYNDALL FEDERAL CREDIT UNION              DATE:05/22/14
ID:
TRAN CODE:                PARAMETERS:
```

GUI Spectrum - Version 3.2

```
MAIN              BUSBEE/DAVID K               05/22/14 03:41 PM BR:0075

Sfx:  43      Coll Code:       22    Coll Description:   07 TOYO TACOMA DOUBL
              Opened:  06/21/11      Balance:   6537.92  Payoff:       6553.65
Ofcr: LML     Nxt Due: 07/05/14      Payment:    283.28  Past Due:         .00
Cltr:         Lst Act: 05/06/14      Orig Amt: 14799.37  C Flags: 22,23,58
Pur:  23      Lst Int: 05/06/14      Cr Limit:      .00  R Flags: 5
MFS:  CMD1    APR:        05.4900    Cr Avail:      .00  YTD Int:       170.62
Term: 60      Action Code:    D      Daily Int:     .98  Accru Int:      15.73

              Assoc # Name                          TIN        BD    Other Acct
                C   0 CYNTHIA A BUSBEE        ___-__-____/                    0
                      TYNDALL FEDERAL CREDIT UNION         DATE:05/22/14
ID:
TRAN CODE:              PARAMETERS:
```

Thu May 22 15:41:23 CDT 2014    01